| | |
|---|---|
| EGBERT FRANCIS, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID MITCHELL, )<br>)<br>Respondent. ) | **O R D E R** |

On January 29, 2015, Egbert Francis, Jr., a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [DE 1]. The court now conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses the petition as untimely.

## DISCUSSION

On January 29, 2015, petitioner filed the instant motion. [DE 1]. In it, petitioner alleges that Superior Court Judge Robert L. Farmer granted petitioner's motion for complete recordation

of all proceedings related to his state court trial. [DE 1-1]. The motion was granted on July 19, 1993. *Id.* In the instant motion, petitioner alleges that this motion for complete recordation was "not followed by the court." [DE 1]. As a result, petitioner seeks to have his sentence vacated, his conviction dismissed, and a new sentencing hearing and trial held as a result. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see Frasch v. Peguese*, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560–61 (4th Cir. 1999). An application for postconviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. *See Taylor*, 186 F.3d at 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for postconviction relief will count against the one-year limitation period. *See, e.g., Holland v. Florida*, 560 U.S. 631, 638 (2010); *Hernandez v.*

2

*Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Thus, only the "pending period" is tolled. Id. Once the state's highest court orders a final disposition in the state postconviction proceedings, the prior limitations period will resume. *See, e.g., Holland*, 560 U.S. at 635, 638; *Hernandez*, 225 F.3d at 438–39; *Harris*, 209 F.3d at 327.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed to the North Carolina Court of Appeals and, ultimately, to the North Carolina Supreme Court. The North Carolina Supreme Court found no error and upheld petitioner's conviction on July 28, 1995. *State v. Francis*, 459 S.E.2d 269, 273 (1995). Thus, Francis's conviction became final before the AEDPA's effective date, and the one-year statute of limitations began to run on April 25, 1996, the day following the AEDPA's effective date. *See Hernandez*, 225 F.3d at 438–39. Therefore, absent a later date on which Francis's claims accrued or an applicable tolling period, Francis's one-year period of limitation began to run on April 25, 1996, and expired on April 24, 1997. *Id.* Accordingly, absent equitable tolling, Francis's January 2015 petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. *See Holland*, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted); *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green*, 515 F.3d at 304 (quotations omitted); *see Jackson v. Kelly*, 650 F.3d 477, 491–92

3

(4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330.

Francis has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Accordingly, Francis's petition is dismissed as time-barred.

## CONCLUSION

The court DISMISSES petitioner's application for habeas corpus relief [DE 1] as time-barred and DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED, this __7__ day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:15-hc-02007-BO   Document 7   Filed 10/08/15   Page 4 of 4